IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01460-WDM-MEH

UNITED STATES OF AMERICA, *ex rel.*, MARY JO PFEIFER,

   Plaintiff,

v.

ELA MEDICAL, INC.,
SORIN GROUP USA, INC.,
SORIN GROUP,
SORIN, S.p.A.,
DR. A. THOMAS GARCIA,
ADVANCED CARDIAC SPECIALISTS CHARTERED,
DR. ROBERT SIEGEL,
DR. ASHKOK GARG,
DR. STEPHEN BLUMBERG,
DR. URI BEN-ZUR,
DR. MARK SEIFERT,
DR. WILLIAM STUCK,
DR. JOHN R. DYLEWSKI, and
DOES 1-20,

   Defendants,

UNITED STATES,

   Interested Party.

―――――――――――――――――――――――――――――――――――――――――――――――――――――

## ORDER ON DEFENDANTS' MOTION TO STAY
―――――――――――――――――――――――――――――――――――――――――――――――――――――

Before the Court is Defendants' Joint Motion for a Stay of Discovery and of Entry of Scheduling Order and to Vacate Scheduling Conference Pending Rulings on Defendants' Motions to Dismiss [filed September 28, 2009; docket #81].  The matter is briefed and has been referred to this Court [docket #82].  The Court heard oral argument on the motion at the Scheduling Conference held October 6, 2009.  For the reasons stated below, the Court **denies** the Motion to Stay.

**I.      Facts**

Plaintiff brings this action as a "Relator" under the False Claims Act ("FCA"). The Relator alleges that Defendants knowingly filed false claims or knowingly caused false claims to be filed with the United States government in order to receive Medicare and Medicaid payments.

In their Motions to Dismiss, Defendants argue that Relator's claims are barred by the "first-to-file" requirement of the FCA, that she has failed to properly allege she is the "original source" as required by the FCA, and that she has failed to plead her allegations with particularity pursuant to Fed. R. Civ. P. 9(b). Defendants assert that these insufficiencies divest the Court of jurisdiction, and the claims will be dismissed without the need for discovery. Defendants also contend that proceeding with discovery in this case will not only be burdensome, but also improperly allow the Relator to gather information to support her "original source" claim. For these reasons, Defendants seek a stay of all proceedings until their Motions to Dismiss have been adjudicated.

In response, Relator argues that she has sufficiently stated her claims regarding the FCA's "first-to-file" and "original source" requirements and in compliance with Fed. R. Civ. P. 9(b). She contends that Defendants' motions to dismiss are based on evidence outside of the pleadings and, thus, should be converted to motions for summary judgment for which discovery is needed. Relator further asserts that Defendants should suffer no burden if discovery proceeds since, apparently, Defendants claim that they are involved in a qui tam action in Florida alleging the same or similar claims.

**II.     Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is

warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1) (2009). Here, Defendants seek protection from the burden of discovery at this stage in the case. A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007) (unpublished). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).

In determining whether a stay is appropriate, the courts generally consider the following five factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending . . . litigation.

*Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980). In applying these factors, the Court considers the appropriateness of a stay here a close question.

First, the Relator seeks to proceed with litigation on the basis that Defendants' motions to dismiss should be converted to motions for summary judgment for which discovery is needed to fully respond. Relator claims prejudice by Defendants' alleged attempt to prevent disclosure of information that may be helpful to Relator's claims. Conversely, Defendants argue Relator has "largely" agreed to a stay, except "for production of four broad categories of documents by

3

Defendants . . . to which Defendants object,"[1] and has requested several extensions of time in this matter. While the Relator's claim of "prejudice" relies primarily on speculation, the Court cannot ignore the Relator's right to proceed expeditiously with litigation, unless such efforts would be futile.[2]

Second, Defendants assert that the extensive discovery, including "comb[ing] through more than eight-years worth of voluminous Medicare and Medicaid billings and other records," places a significant burden on them if this case could be resolved early on the basis of jurisdiction. Relator counters that Defendants have (apparently) responded to the same or similar claim in a qui tam action filed in Florida and, thus, the burden should be minimal. However, neither party can argue that discovery in this case will not be extensive; the current deadline for discovery is December 31, 2010, nearly 15 months away. In fact, no party suggests that this case is simple or that it can be resolved on the merits without significant cost. Thus, the Court recognizes the burden placed on Defendants in proceeding with discovery.

As to the third factor, judicial economy, the Court finds that a stay is not necessarily an efficient use of judicial resources. Should Judge Miller determine that the motions to dismiss must be converted to motions for summary judgment, discovery should proceed to allow all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d) (2009).

---

[1] Defendants also refer to Relator's discovery requests as "expansive" [docket #81 at 8].

[2] Moreover, the Court finds unpersuasive Defendants' contention that Relator will improperly obtain information to support her "original source" claim; since the filing of the present motion, the Relator has responded to Defendants' motions to dismiss, which contain the "original source" arguments, without having had any discovery in the case.

The Court finds that the parties have not addressed the fourth factor sufficiently to determine its weight in this analysis. *See Golden Quality Ice Cream*, 87 F.R.D. at 58. On the fifth factor, Defendants claim that it is in the public interest to avoid unnecessary costs of discovery when dispositive motions that could resolve the case are pending. Of course, this argument can be made in all cases in which dispositive motions are pending; thus, for purposes of the within motion, the argument does not tip the balance one way or the other.

Consequently, balancing all factors presented, the Court finds that an indefinite stay of discovery, typically disfavored in this district, is not appropriate in this case. Nevertheless, the Court notes that the Motions to Dismiss are nearly briefed, and the parties are encouraged to consider limiting extensive discovery until the motions are resolved. A formal stay, however, is not appropriate.

**III.   Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Joint Motion for a Stay of Discovery and of Entry of Scheduling Order and to Vacate Scheduling Conference Pending Rulings on Defendants' Motions to Dismiss [filed September 28, 2009; docket #81] is **denied**.

Dated this 7th day of October, 2009, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge