IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01460-WDM-MEH

UNITED STATES OF AMERICA, *ex rel.,* MARY JO PFEIFER,

      Plaintiff,

v.

ELA MEDICAL, INC,
SORIN GROUP USA, INC.,
SORIN GROUP,
SORIN, S.p.A.,
DR. A. THOMAS GARCIA,
ADVANCED CARDIAC SPECIALISTS CHARTERED,
DR. ROBERT SIEGEL,
DR. ASHKOK GARG,
DR. STEPHEN BLUMBERG,
DR. URI BEN-ZUR,
DR. MARK SEIFERT,
DR. WILLIAM STUCK,
DR. JOHN D. DYLEWSKI, and
DOES 1-20,

      Defendants.

**PROTECTIVE ORDER**

Upon stipulation of Plaintiff, Mary Jo Pfeifer, and Defendant, Ela Medical, Inc. (hereinafter referred to as the "parties" for purposes of this stipulation), for an order pursuant to Fed. R. Civ. P. 26(c) that trade secret or other confidential information be disclosed only in designated ways:

1.      As used in the Protective Order, these terms have the following meanings:

      "Attorneys" means counsel of record;

      "Confidential" documents are documents designated pursuant to paragraph 2;

      "Confidential - Attorneys' Eyes Only" documents are the subset of Confidential

documents designated pursuant to paragraph 5;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34;

"Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

"Written Assurance" means an executed document in the form attached as Exhibit A.

2. By identifying a document "Confidential", a party may designate any document, including interrogatory responses, other discovery responses, or transcripts, that it in good faith contends to constitute or contain non-public, proprietary, or highly personal information.

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in paragraph 4. Any other use is prohibited.

4. Access to any Confidential document shall be limited to:

(a) the Court and its staff;

(b) Attorneys, their law firms, and their Outside Vendors;

(c) persons shown on the face of the document to have authored or received it;

(d) court reporters retained to transcribe testimony;

(e) in-house counsel for the corporate parties and their assistants and stenographic and clerical employees;

(f) the parties;

(g) outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys

to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to and/or to give testimony in this action; and;

(h) state or federal law-enforcement personnel, in connection with any active or pending government investigation.

5. The parties shall have the right to further designate Confidential documents or portions of documents containing trade secrets, competitively sensitive business plans, or competitively sensitive financial information as "Confidential – Attorneys' Eyes Only." Disclosure of such information shall be limited to the persons designated in paragraphs 4(a), (b), (c), (d), (e), (g), and (h).

6. Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Confidential – Attorneys' Eyes Only", subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential – Attorneys' Eyes Only" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of the Protective Order.

7. Each person appropriately designated pursuant to paragraphs 4 (g) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the

outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

8. All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated "Confidential" or "Confidential – Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential – Attorneys' Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential – Attorneys' Eyes Only" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

9. Any party who inadvertently fails to identify documents as "Confidential" or "Confidential – Attorneys' Eyes Only" shall have 14 days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

10. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such

inadvertently produced documents, including all copies, within 14 days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

11. If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Colorado. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" or "Confidential – Attorneys' Eyes Only", the parties may seek further protections against public disclosure from the Court.

12. Any party may request a change in the designation of any information designated "Confidential" and/or "Confidential – Attorneys' Eyes Only". Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to within fourteen days of the request, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" and/or "Confidential – Attorneys' Eyes Only" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

13. If documents or information sought in discovery are subject to a confidentiality obligation to a third party, the producing party shall promptly request permission from the third party to produce the requested documents or information and shall provide a copy of this Protective Order to the third party. If the third party does not consent to production of the requested documents or information, then the producing party shall promptly give notice to the requesting party of the third party's lack of consent, and the requesting party may make a motion to the Court for an order

compelling production of the requested documents or information. A party is not required to produce such documents or information unless and until the third party provides consent or the Court issues an order compelling production of the requested documents or information. A party producing documents or information subject to a confidentiality obligation to a third party may designate such documents or information as "Confidential" or "Confidential – Attorneys' Eyes Only".

14. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential" , and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction as within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action.

15. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

16. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

17. The obligations imposed by the Protective Order shall survive the termination of this action. Within 60 days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall remove any materials designated "Confidential" or "Confidential – Attorneys' Eyes Only" from the office of the Clerk of Court. Following that 60-day

period, the Clerk of Court shall destroy all "Confidential" or "Confidential – Attorneys' Eyes Only" materials.

Dated at Denver, Colorado, this 10th day of August, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

Dated: August 6, 2010

| **FAEGRE & BENSON LLP** | **KIVELL, RAYMENT & FRANCIS, P.C.** |

*s/Nadia Malik*
Nadia G. Malik
Faegre & Benson, LLP-Denver
1700 Lincoln Street
Wells Fargo Center #3200
Denver, CO 80203-4532
Telephone: (303) 607-3702
Facsimile: (303) 607-3600
*nmalik@faegre.com*

**FOLEY & LARDNER, LLP**
Thomas F. Carlucci (*pro hac vice,*
 CA #135767)
555 California Street, Suite 1700
San Francisco, CA 94104
Telephone: (415) 434-4484
Facsimile: (415) 434-4507
*tcarlucci@foley.com*

**Attorneys for Defendant
ELA Medical Inc.**

*s/Brian Rayment*
Brian J. Rayment
7666 East 61st Street #240
Tulsa, OK 74133
Telephone: (918) 294-0047
Facsimile: (918) 254-7915
*brayment@kivell.com*

**KURTZ LAW OFFICES, LLC**
Dana LouAnn Kurtz
414 South State Street
Lockport, IL 60441
Telephone: (815) 838-0968
Facsimile: (312) 893-2239

**SPRINGER & STEINBERG, P.C.**
JoAnne M. Zboyan
1600 Broadway #1200
Denver, CO 80202-4920
Telephone: (303) 861-2800
Facsimile: (303) 832-7116
jmz@jmz-law.com

**Attorneys for Plaintiff
Mary Jo Pfeifer**

# EXHIBIT A

## WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the city of _____ , county _____ , state of _____ ;

I am currently employed by _____ located at _____ and my current job title is _____.

I have read and believe I understand the terms of the Protective Order dated _____, filed in Civil Action No. 07-cv-01460-WDM-MEH, pending in the United States District Court for the District of Colorado. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" or "Confidential – Attorneys' Eyes Only" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential" or "Confidential – Attorneys' Eyes Only", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Printed Name: _____

Dated: _____   Signature: _____

fb.us.5553146.01